UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

CHANDRA MYERS, *pro se*

                        Plaintiff,

   -against-                                     **ORDER**
                                                                        08-CV-1421 (KAM)
SARA LEE CORPORATION,

                        Defendant.

------------------------------------------------------------------------X

**KIYO A. MATSUMOTO, UNITED STATES DISTRICT JUDGE:**

        On April 14, 2009, a Memorandum and Order was entered on the docket in which the court concluded that it lack federal subject matter jurisdiction over this case and ordered that the case be remanded to the Family Court of the State of New York, Queens County. (Doc. No. 58.)

        On April 23, 2009, plaintiff's motion for sanctions was entered on the docket. (Doc. No. 64.) Plaintiff does not specify a legal basis for the requested sanctions,[1] but apparently bases her request on the delay and expense caused by defendant's allegedly improper removal of the case to family court, stating that she seeks "sanctions against Sara Lee Bakeries for the disingenuous removal and irreparable harm cause [sic] by them to little Colby Christina Myers[2] as a result of the illegal and unethical removal." (Id. at 2.) Such a motion appears to arise under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require

---

[1] Although plaintiff refers to the "Frivolous Lawsuit Prevention Act of 2009" (Doc. No. 64 at 5), this is not a law, but a bill introduced in the Senate on March 16, 2009 (S. 603) which is currently pending in committee, see http://www.govtrack.us/congress/bill.xpd?bill=s111-603 (last checked April 23, 2009), and as such provides no basis for recovery.
[2] Colby Christina Myers is plaintiff's daughter, on whose behalf plaintiff seeks damages from defendant.

payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

On April 22, 2009, this court issued a stay of its order remanding the case to state Family Court and set a briefing schedule on defendant's motion for reconsideration of remand. (Doc. No. 63.) Regardless of the procedural posture of this case, however, "a district court has jurisdiction to consider a motion for fees and costs under § 1447(c), even after it has remanded a case to state court." Bryant v. Britt, 420 F.3d 161, 162 (2d Cir. 2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 144 (2005).[3] Within that limitation, the district court has "a great deal of discretion and flexibility" in determining whether or not to grant fees and costs pursuant to § 1447(c). Id. at 163 n.2 (citing Morgan Guar. Trust Co. of New York v. Republic of Palau, 971 F.2d 917, 924 (2d Cir. 1992)). The test is one of "overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties." Morgan Guar. Trust Co. of New York v. Republic of Palau, 767 F. Supp 561, 563 (S.D.N.Y. 1991), aff'd, 971 F.2d 917 (2d Cir. 1992). The district court in that case found the award of fees and costs appropriate given the "five years of painstaking and expensive litigation" which came "to naught" due to the "change in position" of defendant, which "was ultimately responsible . . . for the nullification of the proceedings which has resulted after its initial removal of this action." Id. at 563-64.

Here, defendant did not lack an objectively reasonable basis for seeking removal. The nature of the case, circumstances of the remand, and effect on the parties also do not call for an award of sanctions, fees and costs pursuant to § 1447(c). First of all, as to the nature of the

---

[3] Although the holding and discussion in Martin is limited to attorney's fees and does not specifically address payment of costs under § 1447(c) (see generally 546 U.S. 132), the court applies the holding of Martin to a grant of costs by analogy.

case, the court found no legal merit in plaintiff's argument that the family law exception to federal jurisdiction applied. Although the court ultimately determined that the abstention principle in American Airlines v. Block, 905 F.2d 12 (2d Cir. 1990), would apply to the case, that conclusion was not self-evident at the time of removal. Moreover, the court's decision to remand was founded on a determination that the amount in controversy did not exceed $75,000 and that the plaintiff's recitation of federal statutes in her complaint did not invoke federal question jurisdiction. However, these conclusions were not obvious from the face of the case and did not arise due to bad faith or a change in position by defendant. The court finds that granting fees and costs pursuant to § 1447(c) would be inappropriate here, because the defendant had valid, though mistaken, reasons to believe the case was removable, and defendant's good-faith pursuit of removal did not have such a negative effect on plaintiff as to require payment of her costs and fees.

Defendant is directed to promptly serve a copy of this order on plaintiff by email and first-class mail.

**SO ORDERED.**

Dated: Brooklyn, New York
April 24, 2009

_____/s/_____
**KIYO A. MATSUMOTO**
United States District Judge