UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

CHANDRA MYERS, *pro se*

                              Plaintiff,

        -against-

SARA LEE CORPORATION,

                              Defendant.

**ORDER**
08-CV-1421 (KAM) (RER)

-----------------------------------------------------------------------X

**KIYO A. MATSUMOTO, UNITED STATES DISTRICT JUDGE:**

        By order dated April 13, 2009, this court determined that it lacked subject matter jurisdiction and ordered that this case, which was removed to federal court from the New York Family Court, Queens County, be remanded to the Family Court because the "amount in controversy" requirement for federal diversity jurisdiction was not met. (Doc. No. 58.) On April 14, 2009, the Clerk of Court mailed a copy of the court's order of remand to the Family Court by certified mail, and on April 16, 2009 docketed the Family Court's acknowledgment of receipt of that order. (Doc. No. 59.) Five days later, on April 21, 2009, defendant Sara Lee Corporation ("Sara Lee") moved the court to reconsider the remand order. (*See* Doc. Nos. 61, 67 and 69.) Plaintiff opposes the motion. (*See* Doc. Nos. 64, 70 and 71.)

        Defendant's request must be denied because the court's lack of subject matter jurisdiction over this action, and remand pursuant to 28 U.S.C. § 1447(c), divested the court of authority to reconsider the order of remand. "[R]emand orders based on section 1447(c) [lack of federal subject matter jurisdiction] are unreviewable on 'appeal or otherwise.'" *Shapiro v. Logistec USA Inc.,* 412 F.3d 307, 311 (2d Cir. 2005) (*quoting Seedman v. United States Dist. Court for Cent. Dist. of Cal.,* 837 F.2d 413, 414 (9th Cir. 1988) (*per curiam*) and § 1447(d)).

"[T]he 'or otherwise' language of section 1447(d) bars district courts from reconsidering orders remanding cases" on grounds of lack of federal subject matter jurisdiction. *Id.* at 312; *see also Lalondriz v. USA Networks, Inc.,* 68 F. Supp. 2d 285, 286 (S.D.N.Y. 1999). The Second Circuit has stated:

> Section 1447(d) establishes that once a section 1447(c) remand order has been mailed to the state court pursuant to the latter section, federal jurisdiction is at an end. Section 1447(c), however, is not self-executing. This provision creates legal significance in the mailing of a certified copy of the remand order in terms of determining the time at which the district court is divested of jurisdiction. Thus, section 1447(d) divests the district court of jurisdiction upon mailing of a remand order based on section 1447(c) grounds to state court.

*Id.* (quotations, citations and emphasis omitted); *see also Seedman,* 837 F.2d at 414. This principle of nonreviewability of remand orders based on lack of jurisdiction "is important to our system of federalism" and prevents delay caused by "procedural fencing over the intricacies and perplexities of removal jurisdiction." *Ohio v. Wright,* 992 F.2d 616, 617 (6th Cir. 1993). The Sixth Circuit has stated that "[i]t makes no difference that the District Court may be wrong in its conclusions concerning jurisdiction[.]" *Id.*; *see also Lalondriz,* 68 F. Supp. 2d at 286 (*citing Wright,* 992 F.2d at 617).

Here, the Clerk of Court mailed the remand order to the Family Court on April 14, 2009, and the Family Court's acknowledgment of receipt of the remand order was entered on the docket on April 16, 2009. Defendant's motion for reconsideration, submitted on April 21, 2009, was therefore submitted after this court determined that it lacked jurisdiction over this matter and remanded the case to Family Court. Accordingly, the court is barred from reconsidering the order of remand and defendant's motion is denied. The Clerk is respectfully

directed to close the case file and to serve copies of this order on the *pro se* plaintiff and the

Family Court.

**SO ORDERED.**

Dated: Brooklyn, New York
       May 15, 2009

_____/s/_____
**KIYO A. MATSUMOTO**
United States District Judge
